IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-886-FL

| | |
|---|---|
| DAVID T. PERRY, ) | |
| ) | |
| Plainitff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| PNC BANK, N.A. and KELLY ) | |
| COOKE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motion to dismiss. (DE 7). The motion has been fully briefed, and in this posture issues raised are ripe for ruling. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiff, proceeding pro se, initiated this action May 7, 2015, in the General Court of Justice Superior Court Division for Wake County, North Carolina, seeking compensatory and punitive damages arising from defendants' alleged fraud and violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, et seq., arising out of a dispute concerning an unpaid debt appearing on plaintiff's credit report. Thereafter, defendants removed the case to this court on the basis of federal question and diversity jurisdiction.

Plaintiff initiated a prior action in state court April 13, 2015, removed to this court (hereinafter the "2015 action") against defendants and also against Equifax Information Services ("Equifax"), LLC, Transunion, LLC, and Experian Information Solutions, Incorporated ("Experian"), asserting similar claims. In that case, plaintiff asserted 10 counts arising under state

and federal law. Plaintiff voluntarily dismissed Transunion, LLC, before any other motions were filed. The court then dismissed each count against defendants PNC Bank, N.A. and Kelly Cooke with prejudice except plaintiff's count under § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), which the court dismissed without prejudice based on plaintiff's failure to plead a necessary element of a cause of action under that statute. Finally, plaintiff's case against Experian and Equifax settled for reasons not disclosed in the record of the 2015 action.

Defendants filed the instant motion November 4, 2016, seeking dismissal on grounds of res judicata, failure to state a claim, and preemption. In particular, defendants argue plaintiff's claims are barred by his failure to assert them in prior litigation, that plaintiff has not pleaded facts alleging fraud or UDTPA violations, and that the FCRA preempts plaintiff's claims arising under state law.

Plaintiff opposes the motion on the ground that his prior settlement with Experian and Equifax constitutes a new factual development permitting plaintiff to overcome dismissal based upon res judicata. In addition, plaintiff maintains that facts as he pleads them are sufficient to state a fraud claim and a violation of the UDTPA. Plaintiff's filings do not address defendants' arguments concerning preemption.

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. On or about January 2012, an unknown individual stole plaintiff's identity and used his personal information to open accounts at PNC Bank. A few months later, in mid to late 2012, these then delinquent accounts began appearing on plaintiff's credit reports, and he began the process of disputing the accuracy of the entries with the consumer credit reporting agencies, including defendants Equifax and Experian.

2

In 2013 or 2014, plaintiff contends he again disputed the information pertaining to the accounts by contacting defendant PNC directly by phone and mail.

In February 2015, plaintiff spoke with defendant Cooke, in her capacity as fraud investigator at PNC, at which time, plaintiff provided defendants with a letter he received from defendant PNC about a personal credit application containing missing information. Defendant Cooke then provided plaintiff with the documentation she had on file about him, including a personal credit application. Plaintiff informed defendants that the signature on the documents was not his, that the documents lacked his social security number, and that they contained an inaccuracy concerning plaintiff's place of employment. In response, defendant Cooke mailed plaintiff a letter, dated February 9, 2015, suggesting plaintiff file a police report if he believed he was the victim of identity theft, and detailing the information required by defendants in order to investigate plaintiff's claim. Plaintiff filed a police report with the Northampton County Sheriff's Department March 18, 2015.

As noted above, plaintiff brought the 2015 action, which procedural history plaintiff asserts as pertinent fact giving rise to the present action. As part of the settlement in the 2015 action, Experian and Equifax allegedly removed from plaintiff's credit report information pertaining to the delinquent accounts in issue. This action followed.

## DISCUSSION

To determine whether an earlier federal judgment bars a claim asserted in a later action on the basis of res judicata, the court considers whether:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding.

Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003).

3

Generally, "claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." Id. at 473. Res judicata bars available claims "regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979). This includes "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Furthermore, "[f]or purposes of [res judicata], it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996) ["Varat"].

Plaintiff's claims in this matter are res judicata barred; therefore, the action must be dismissed. First, the court's dismissal of the 2015 action constituted a final judgment on the merits except with respect to the sole claim dismissed without prejudice, see Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) (stating "[t]he 'without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed"), and plaintiff does not assert his remaining available claim. Second, the parties to both actions clearly are identical.

Finally, plaintiff's claims in this matter rest upon the same factual allegations constituting the basis for the 2015 action. Therefore, both actions arise out of the same transaction or series of transactions [and] the same core of operative facts." See Grausz 321 F.3d at 472. Additionally, no facts asserted in the complaint indicate that defendants now may be subject to any liability that did not exist prior to the 2015 action. That is, if defendants' alleged failure to cooperate in plaintiff's attempt to expunge certain false information from his credit report constitutes fraud or a UDTPA violation now, (see compl., DE 1-1, at 9–10), such actions were equally unlawful before.

Accordingly, plaintiff's claims arising from the facts summarized above are barred from this and future litigation. See Varat 81 F.3d at 1316.

In support of a contrary argument, plaintiff contends, first, that the court lacked personal jurisdiction to render its decision in the 2015 action because plaintiff did not consent to removal from state court. However, this argument fails because a plaintiff's consent is not required to remove an action to federal court. See 28 U.S.C. §§ 1441 & 1446.

Second, plaintiff contends that his settlement with other parties in the 2015 action constitutes a new fact giving rise to liability that did not exist before. Plaintiff asserts that other parties' willingness to settle "proves that [defendants] knew or should have known that prime [sic] facie, a valid contract was not formed and could not be enforceable and therefore not authentic." (DE 23, ¶ 5, at 2) (emphasis omitted). This argument is unavailing. If plaintiff is entitled to relief based on fraud or a UDTPA violation, that entitlement necessarily arises from facts related to defendants' handling of his credit dispute. Whether another party settled the 2015 action has no bearing upon the pertinent facts. Therefore, if plaintiff now has a cause of action for fraud or a violation of the UDTPA, that same cause of action was available to be asserted in the 2015 action. Accordingly, plaintiff's fraud and UDTPA claims are res judicata barred and must be dismissed.

Because defendants are entitled to dismissal on the basis of res judicata, the court does not reach defendants' contentions regarding preemption and failure to state a claim.

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss is GRANTED, and the case is DISMISSED WITH PREJUDICE. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of February, 2017.

LOUISE W. FLANAGAN
United States District Judge